32582. CULVER *v.* THE STATE.

DECIDED NOVEMBER 9, 1949.

*C. C. Pittman*, for plaintiff in error.

*Warren Akin, Solicitor-General, J. L. Davis*, contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Construing the evidence in its light most favorable to support the verdict, the jury was authorized to find that the defendant had the odor of intoxicants on his breath immediately upon the automobile which he was driving being stopped in the yard of Joe Stevens and before he got out of it. The testimony showed that the witness who accosted him there was with him a few minutes later down at the scene of the wreck where he actually smelled his breath. And witnesses, a few minutes after this time, testified that he was under the influence of liquor to a considerable extent. There was also slight opportunity for the defendant to have taken a drink between the time of the collision and the time he was accosted by one of the witnesses for the State. There was no opportunity for him to have taken a drink from that time until this witness smelled an alcoholic beverage on his breath. This is therefore direct evidence that the defendant had consumed some alcoholic beverage prior to the collision. There was considerable evidence that the defendant was under the influence of intoxicants, and that he admitted that he had been drinking some 20 to 30 minutes after the collision. This is circumstantial evidence of the fact that the defendant was under the influence of intoxicants before and at the time of the collision.

While there is direct evidence that the defendant had consumed some alcoholic beverage prior to the collision, this is, at most, only circumstantial evidence that he was under the influence of alcoholic beverages within the meaning of Code (Ann. Supp.) § 68-307 at the time of the collision. The State, therefore, relied solely on circumstantial evidence for its conviction. The failure to charge in substance Code § 38-109 dealing with the sufficiency of circumstantial evidence in criminal cases is reversible error, even in the absence of a timely written request, where a verdict of guilty is based on circumstantial evidence

alone. See Code, § 38-109 and many cases cited thereunder, catchword, "Charge."

The sufficiency of the evidence as raised by the general grounds of the amended motion for a new trial is not passed upon, since the case is to be tried again, and it is not known what additional evidence may be included in the next trial.

The judge of the trial court erred in overruling the motion for a new trial as amended.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*