35590. JONES *v.* THE STATE.

TOWNSEND, J. The direct evidence against this defendant, who was on trial charged with operating an automobile while under the influence of

intoxicating liquors, is as follows: The defendant admitted in his statement that he was driving the automobile and wrecked it; officers who saw him 30 minutes later testified that he was in a drunken condition at that time; and a passing motorist who witnessed the wreck took the defendant to a hospital, immediately after which the defendant stated to him that he had been drinking. All this evidence is merely circumstantial as to the ultimate fact to be found by the jury; that is, whether the defendant was actually driving the automobile while in an intoxicated condition within the meaning of Code (Ann. Supp.) § 68-307. The assignment of error is on the failure of the trial court to charge upon timely written request the law relating to circumstantial evidence set forth in Code § 38-109.

Even without request, it was the duty of the trial court to charge this principle. *Culver* v. *State,* 80 *Ga. App.* 438 (56 S. E. 2d 197). If the State had not relied exclusively on circumstantial evidence for conviction, but had relied upon both direct and circumstantial evidence, the court should have given the timely written request on circumstantial evidence in charge. *Loomis* v. *State,* 78 *Ga. App.* 336, 338 (10) (51 S. E. 2d 33); *Middleton* v. *State,* 7 *Ga. App.* 1 (66 S. E. 22).

The judgment of the trial court denying the motion for a new trial as amended was error.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

Decided March 17, 1955.

*William R. Killian,* for plaintiff in error.
*Jack J. Lissner, Jr., Solicitor,* contra.