45809. O'TOOLE v. THE STATE.
(373 SE2d 12)

HUNT, Justice.

Mark Douglas O'Toole was convicted by a jury and received a life

sentence for the murder of Terrence Carter.[1] For approximately a year and a half, the victim provided the defendant room and board in exchange for housework. The two men argued frequently and the defendant threatened to kill the victim on several occasions. Approximately two months before the murder, the victim told a police officer, investigating a complaint about a domestic disturbance at the victim's house, that the defendant had tried to kill him. The defendant was released after the victim indicated he did not want to press charges. In the two weeks before he was killed, the victim told witnesses who noticed scrapes on the victim's elbows and knees that the defendant had beaten him up. Several days before the murder, the victim told friends that the defendant had broken a number of objects in the victim's home and that the victim felt his life was in danger. The night of the murder, the victim asked a friend to stay with him because he did not want to be alone. The following evening, police authorities discovered the victim's body in a living room chair at his house. Based on observations of blood splatters and injuries to the victim's face, the police detective who investigated the murder determined the victim had been beaten while in the chair and that the beating was consistent with that of a predominantly left-handed person. The defendant is left-handed. The medical examiner testified the victim died as a result of blunt force trauma to the head. Two days after the murder, the defendant, when told by a friend that the victim was dead, became upset, stated he ought to turn himself in, and admitted hitting the victim "real hard." The friend refused the defendant's request to drive him to the interstate highway, and the defendant was subsequently arrested as he was heading in that direction. At trial, the defendant claimed he hit the victim in self-defense after the victim attacked him.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We find no merit to the defendant's contention that the trial court erred by admitting into evidence a "mug shot" photograph of the defendant at the time of his arrest as well as seventeen other photographs including four of the victim. Contrary to the defendant's argument that the sole purpose of offering the photograph of the de-

---

[1] The victim was killed on August 13, 1987. The defendant was indicted on November 13, 1987 and tried on January 25-28, 1988. The defendant's notice of appeal was filed in the Lowndes County Superior Court on February 25, 1988. The transcript was certified on May 9, 1988. The appeal was docketed here on June 2, 1988 and submitted for decision without argument on June 24, 1988.

fendant was to place his character in issue, the photograph was relevant to identify the defendant because his appearance had changed since the crime. *Duckworth v. State*, 246 Ga. 631, 635 (6) (272 SE2d 332) (1980). The remaining photographs showed the scene of the crime and the victim as he was found at the scene. The photographs were relevant and material, and the trial court did not err by admitting them into evidence. *Stewart v. State*, 254 Ga. 233, 234 (3) (326 SE2d 763) (1985).

3. The defendant contends the trial court erred by refusing to allow evidence about a fight which occurred approximately a month before the victim's death, between the victim and a person other than the defendant. The defendant argues that this evidence was admissible to show that the injuries to the victim which were visible at the crime scene could have been inflicted on the victim in the earlier assault. However, the medical examiner who performed the autopsy of the victim stated that the injuries which caused the victim's death occurred within several hours before death. Also, it was uncontroverted that none of the victim's wounds present at the time his body was discovered were present the day before he was killed. Thus, the evidence of the specific incident between the victim and a third party approximately thirty days before the murder was not relevant to rebut the state's evidence regarding the victim's injuries which caused his death, and were not otherwise admissible. See *Bennett v. State*, 254 Ga. 162, 164 (3) (a) (326 SE2d 438) (1985).

4. The defendant contends the trial court erred by refusing to allow him to question a witness regarding prior felony records from Georgia and other states. After properly tendering certified felony convictions of two witnesses for the state, defense counsel then attempted to ask the witnesses if they had other felony convictions. To impeach a witness by a prior conviction, the conviction must be proved by the record of conviction itself and not by cross-examination.[2] *Ledesma v. State*, 251 Ga. 885, 888 (4) (311 SE2d 427) (1984). We find no error in the trial court's ruling.

5. We find no merit to the defendant's contention that his indictment improperly charged him with two counts, one of murder and one of voluntary manslaughter, and that he was therefore unable to determine the offense with which he would be charged. The defendant made no objection to the indictment at or prior to trial and consequently has waived any right to make any objection on appeal. OCGA § 17-7-113; *Sheffield v. State*, 235 Ga. 507 (1) (220 SE2d 265) (1975). Moreover, it is clear the indictment in this case was not defective.

---

[2] The "best evidence" rule may be waived. Thus, if the witness is asked about a prior conviction and no objection is raised, the conviction may be proved by the testimony of the convicted witness. See § 5-8, Agnor's Georgia Evidence, 2nd Edition (1986).

*McCrary v. State*, 252 Ga. 521, 524 (314 SE2d 662) (1984).

6. In his final enumeration, the defendant contends the trial court erred by denying his motion for mistrial based on the testimony of a witness about numerous fights and arguments between the defendant and the victim. The trial court allowed this testimony to be admitted after instructing the jury that they were to consider the evidence for a limited purpose on the question of the defendant's conduct, bent of mind, motive, scheme, purpose, or intent to commit the crime with which he was charged. The evidence was admissible for the purposes outlined by the judge to the jury, *Rainwater v. State*, 256 Ga. 271, 272 (1) (347 SE2d 586) (1986), and the trial court properly denied the defendant's motion for mistrial.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 26, 1988.

*Edwards & Edwards, William D. Edwards*, for appellant.

*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney, Michael J. Bowers, Attorney General, Andrew S. Ree*, for appellee.