A89A1792. TURNER v. THE STATE.
(392 SE2d 256)

POPE, Judge.
Defendant Steven Keith Turner was convicted of theft by taking,

aggravated sodomy, rape and kidnapping with bodily harm. Evidence was presented that defendant grabbed the victim, a pizza restaurant employee, when she came to his door to make a delivery. He threatened her with a pistol and made her crawl into the bedroom where he tied her to the bed with ropes, causing injury to her wrists, forced her to commit oral sex upon him and then raped her. Defendant left the house and when the victim was able to free herself she discovered the automobile she had driven to the house was missing. The automobile was later found abandoned a few miles from the defendant's house.

1. Defendant first argues the trial court erred in failing to give his request to charge on the law of circumstantial evidence. "An instruction on circumstantial evidence is required only when the case is totally dependent upon circumstantial evidence." (Citation and punctuation omitted.) *Arnett v. State*, 245 Ga. 470, 474 (265 SE2d 771) (1980); accord *Lee v. State*, 177 Ga. App. 8 (2) (338 SE2d 445) (1985). Direct evidence was presented in regard to the instances of aggravated sodomy, rape and kidnapping with bodily harm. However, only circumstantial evidence was presented in regard to the offense of theft of the automobile. In regard to an offense for which the only evidence presented is circumstantial, the court has a duty to charge the law relating to circumstantial evidence and when it is not charged the conviction as to that offense must be reversed. *Todd v. State*, 184 Ga. App. 750 (4) (362 SE2d 400) (1987); *Jones v. State*, 91 Ga. App. 662 (86 SE2d 724) (1955). Thus, the conviction for the offense of theft by taking must be reversed. However, no error is shown in regard to the convictions for the remaining offenses.

2. A rented videotape, described by the trial court as a "sex and violence tape," was found in the defendant's home by officers conducting a search pursuant to a search warrant on the evening the offense took place. The movie was shown to the jury in its entirety. The movie portrayed the kidnapping of a young girl by strangers who planned to use her, against her will, in pornographic films. The movie portrayed scenes involving violence, physical threats and the use of guns including one scene in which a woman is thrown on a bed and violently threatened with rape before being rescued by the police. In the final scene the young victim is shown shooting her assailant. Defendant contends the trial court erred in showing the movie to the jury because, he argues, it was inflammatory and glorified the taking of revenge on the assailant. Defendant argues no foundation was laid for showing the movie to the jury because no evidence was presented that defendant rented or viewed the movie. Moreover, he argues showing the movie to the jury improperly raised the issue of his character, as prohibited by OCGA § 24-9-20 (b).

The evidence shows defendant lived alone. Moreover, defendant

did not raise an objection at the time of trial to the foundation laid for the showing of the movie. " 'There was no error in admitting the [movie] . . . as the jury may have made the permissible inferences that viewing [a movie involving kidnapping and attempted rape] may have encouraged defendant's initial perpetration of the crimes of kidnapping and sodomy [and rape], or, at least aided in showing his intent thereof.' [Cit.]" *Watson v. State*, 147 Ga. App. 847, 850 (250 SE2d 540) (1978). The movie was admissible to show the bent of mind of defendant toward the activity with which he was charged. See *Wilcoxen v. State*, 162 Ga. App. 800 (1) (292 SE2d 905) (1982). We reject defendant's argument that showing the movie in its entirety was unnecessarily inflammatory. We note that defendant made no request for instruction to the jury on the relevance of the movie.

3. We reject defendant's argument that the offense of kidnapping with bodily harm merged with the offense of rape in this case. "In determining whether a crime is established by proof of the same or less than all the facts required to establish the commission of another crime within the meaning of OCGA § 16-1-6, we look to the actual evidence introduced at trial. If the state uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact under OCGA § 16-1-6." (Citation and punctuation omitted.) *Morris v. State*, 179 Ga. App. 228, 229 (345 SE2d 686) (1986). This was not a case where one crime was included in the other or where the crimes differed only in that one prohibited conduct generally and the other prohibited a specific instance of such conduct, as defined by OCGA § 16-1-7 (a). Here, the evidence used to establish the offense of kidnapping with bodily harm was the bruising and abrasions suffered by the victim when she was tied to the bed with ropes. The offense of rape, including the element of force, was amply proved by testimony concerning subsequent events. "Thus, the jury was authorized to. conclude that two separate and distinct offenses were committed." *Love v. State*, 190 Ga. App. 264, 265 (378 SE2d 893) (1989). The offenses of kidnapping with bodily harm and rape were not merged in this case because under the facts of this case neither offense is included in the other as a matter of fact nor as a matter of law. See *Thomas v. State*, 237 Ga. 690 (3) (229 SE2d 458) (1976); *Clark v. State*, 166 Ga. App. 366 (2) (304 SE2d 494) (1983).

*Judgment affirmed in part and reversed in part. Banke, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 20, 1990 —
REHEARING DENIED MARCH 15, 1990 —

*Davis, Brofman, Zipperman & Kirschenbaum, E. Marcus Davis,*

*Steven A. Suna*, for appellant.
*Frank C. Winn, District Attorney*, for appellee.