A90A0353. TAYLOR v. THE STATE.
(392 SE2d 57)

SOGNIER, Judge.

Joemo Taylor, a juvenile, was tried as an adult and convicted of

kidnapping with bodily injury, aggravated assault, and aggravated child molestation, and sentenced to life plus fifteen years to serve. He appeals from the denial of his motion for a new trial as to his convictions for kidnapping and child molestation.

The evidence adduced at trial revealed that on October 20, 1988, appellant, who was thirteen years old, led the victim, a five-year-old boy, into a densely wooded area. There appellant hit the victim on the head with a stick, pulled down the victim's pants and attempted to anally sodomize him, and left the victim in the bushes, where he was found the following morning after an all night search instituted in response to a missing persons report. The victim suffered a fractured skull, rectal lacerations, and multiple contusions.

Appellant was informed of his constitutional rights and signed a waiver of counsel form when he was questioned by the police in the presence of his guardian. He identified the clothing shown to him as that worn by the victim, and gave a statement in which he admitted hitting the victim in the head with a stick and attempting sodomy. Appellant then led the police to the scene of the crime.

Doris Hughes, who lived near the wooded area, testified that she saw an older boy lead a younger boy into the woods, and identified appellant as the older boy she saw, as well as identifying a photograph of the victim as the younger boy. After being questioned by the trial court and found to be competent to testify, a ten-year-old girl testified that two months prior to the date on which the charged offenses took place, she had been sexually molested in a local schoolyard by a boy she did not know at the time but later identified as appellant.

1. Appellant enumerates the general grounds. We find the evidence as related above sufficient to authorize the jury to convict appellant of kidnapping with bodily injury and aggravated child molestation under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We note that the trial court did not sentence appellant on his conviction for aggravated assault and appellant has not appealed from that conviction.

2. Appellant contends the trial court erred by denying his motion for a directed verdict as to the kidnapping charge made on the ground that no evidence was introduced that the victim was held against his will, a required element of the crime. OCGA § 16-5-40 (a). We find no merit in this enumeration. First, the evidence permits the inference that the victim would not willingly have remained with appellant after being harmed. Second, appellant admitted that he hit the victim on the head, and the medical testimony was that the force of the blows to the head was sufficient to cause a skull fracture and loss of consciousness. Thus, insofar as a five-year-old child can be said to have gone with appellant "willingly" or "voluntarily" because of en-

ticement by appellant, when he was hit on the head and lost consciousness the victim was deprived of the capacity to choose to remain with appellant voluntarily, and thus was held against his will.

3. Appellant enumerates as error the trial court's sentencing appellant for both kidnapping and child molestation because the kidnapping was included in the child molestation as a matter of fact. Appellant has not supported this enumeration with argument or citations of authority and it is, therefore, deemed abandoned pursuant to Rule 15 (c) (2) of this court. *Brooks v. State*, 191 Ga. App. 705 (2) (382 SE2d 432) (1989). We note, however, that the offense of kidnapping with bodily harm was proved by showing asportation of the victim and the blow to his head, and was completed prior to the sodomy. Thus, there was no merger as a matter of fact because the facts used to prove the crime of aggravated child molestation were different from those used to show the essential elements of kidnapping. See *Olsen v. State*, 191 Ga. App. 763, 764-765 (1) (382 SE2d 715) (1989).

4. Appellant asserts the trial court erred by overruling his plea in bar to the prosecution of these offenses in superior court, made on the ground that appellant was a juvenile and OCGA § 15-11-39 had not been complied with. OCGA § 15-11-5 (b) provides that the juvenile court "shall have concurrent jurisdiction with the superior court over a child who is alleged to have committed a delinquent act which would be considered a crime if tried in a superior court and for which the child may be punished by loss of life or confinement for life in a penal institution." Kidnapping with bodily injury is a capital crime. OCGA § 16-5-40 (b). "[T]he concurrent jurisdiction of the superior court over capital felonies committed by juveniles must necessarily extend to related lesser crimes which are part of the same criminal transaction." *Worthy v. State*, 253 Ga. 661, 662 (1) (324 SE2d 431) (1985). Here, either the juvenile court or the superior court properly could have exercised jurisdiction. Since no petition alleging delinquency was ever filed in juvenile court, and the superior court first took jurisdiction through indictment, jurisdiction properly vested in the superior court and no transfer hearing pursuant to OCGA § 15-11-39 was required. *Lewis v. State*, 246 Ga. 101, 102-103 (1) (268 SE2d 915) (1980).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

Decided March 14, 1990.

*John W. Davis*, for appellant.

*Glenn Thomas, Jr., District Attorney, Keith C. Higgins, Assistant District Attorney*, for appellee.