A90A1984. QUICK v. THE STATE.
(401 SE2d 758)

McMurray, Presiding Judge.

Defendant Quick appeals his convictions of two counts of armed robbery, two counts of aggravated assault, and one count of possession of a firearm during commission of a felony. *Held:*

1. The first enumeration of error complains of the trial court's denial of motions for mistrial predicated on the district attorney's cross-examination of defendant. However, following defendant's refusal to answer certain questions the trial court, acting on the State's motion to strike, directed the jury to disregard every question that had been asked of defendant and to disregard every answer given by defendant. The grant of the motion to strike defendant's testimony has not been enumerated as error. Furthermore, defendant did not renew his objection following the instructions to the jury. Under these circumstances, even if the State's questions were improper, the error was cured by the trial court's instructions. *Hilburn v. State*, 166 Ga. App. 357, 358 (2) (304 SE2d 480).

2. The second enumeration of error contends the jury improperly considered certain extra-record evidence. In support of defendant's

motion for mistrial on the grounds that evidence which had not been admitted was sent out with the jury, defendant elicited testimony of the bailiff of the trial court. This testimony and colloquy of the court and counsel show that apparently the prosecutors were in possession of three bags containing items relevant to the case sub judice. Some of these items had been introduced into evidence and some had not. At the end of the first day of trial all of the items were consolidated into one paper bag for overnight storage. The following day, the jury became conscious that the paper bags contained items which had not been present during the trial. When the bailiff delivered to the jury the exhibits, which had been admitted into evidence, jurors requested access to the remaining items in the bag but were told by the bailiff, pursuant to the trial court's direction, that they had been provided with all that the law allowed. The trial court overruled defendant's motion for mistrial. Then the jury, through its foreperson, inquired of the trial court concerning access to the remaining contents of the paper bag. The trial court responded that the sack was not placed in evidence, that the only thing placed in evidence was a jacket which was carried in the bag, and that the jury was not to be concerned with anything that may have been in the bag except the jacket. At this point, the foreperson disclosed that a list of items found in defendant's pocket (the list consisted of jewelry, $25 cash, a pen, and a syringe) had gone out with the jury. The list was recovered from the foreperson and the jury was directed to "forget the list." Defendant renewed his motion for mistrial.

"Where a motion for mistrial is made on the ground of inadmissible evidence illegally placed before the jury, the corrective measure to be taken by the trial court is largely a matter of discretion, and where a proper corrective action is taken and no indication of an abuse of that discretion appears, the refusal to grant a mistrial is not error. *Osteen v. State*, 83 Ga. App. 378, 381 (63 SE2d 692)." *Waters v. State*, 168 Ga. App. 918, 920 (310 SE2d 774). See also *Jones v. State*, 139 Ga. App. 643 (1), 644 (229 SE2d 121). In view of the corrective actions taken by the trial court, there does not appear to be any reasonable possibility that the list, which was briefly placed in possession of the jury, contributed to defendant's conviction. See *Bobo v. State*, 254 Ga. 146 (327 SE2d 208).

3. The trial court's charge to the jury stating the substance of OCGA § 16-2-6 was not improper or burdenshifting in violation of *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39). See *Wilson v. Jones*, 251 Ga. 23 (1) (302 SE2d 546).

4. The fourth enumeration of error complains of the denial of defendant's motion for discharge and acquittal under OCGA Title 42, Chapter 6. First, we note that insofar as defendant's motion sought to rely upon the provisions of OCGA § 17-7-170, such is unfounded as

there was no demand for speedy trial made in the trial court. *Hunley v. State*, 105 Ga. 636 (31 SE 543). Insofar as defendant's motion seeking acquittal was predicated upon an alleged failure to try defendant within two terms of a request by defendant pursuant to OCGA § 42-6-3 (a), the motion was properly denied since the only sanction provided for the State's failure to comply with the requirements of OCGA § 42-6-3 (a) is that *the detainers* based upon pending indictments or accusations shall be stricken or dismissed.

5. Defendant's final enumeration of error complains of the denial of his motion for mistrial predicated on communications in the courtroom between the sheriff and several jurors during a recess in the case. "Where an unauthorized contact or communication is made to a juror, a valid conviction is not otherwise vitiated unless the defendant was actually prejudiced by the communication. [Cits.]" *Dudley v. State*, 179 Ga. App. 252, 255 (3) (345 SE2d 888) (1986). "[W]here such an improper communication occurs, there is a presumption of harm and the burden is on the State to show the lack thereof. [Cits.]" *Jones v. State*, 258 Ga. 96 (366 SE2d 144).

In the case sub judice, the State presented the testimony of the sheriff that the topic of the conversation at issue was the poultry business, a subject having no relevance to the case sub judice, and that no mention was made of the case sub judice. The trial court was authorized to conclude that the State had satisfied its burden to show lack of harm to defendant. *Jones v. State*, 258 Ga. 96, supra.

*Judgment affirmed. Sognier, C. J., and Carley, J., concur specially.*

Sognier, Chief Judge, concurring specially.

I concur fully in the judgment, but write specially in regard to Division 2. The transcript reveals that jewelry, currency, an ink pen, and a syringe (items found in appellant's possession when taken into custody) were inadvertently left in the bottom of a bag containing the State's exhibit of appellant's jacket. A list itemizing these extra items was attached to the bag. These items were removed from the jury when the mistake was discovered. The foreperson of the jury then asked the trial judge about the items and was told that the items were not offered into evidence, that they did not go out with the jury, and that the jury was "not concerned with anything that may have been in the bag except the jacket." When the foreperson argued with the trial judge over whether the items had been admitted, the trial judge strongly admonished the jury that only the jacket was admitted into evidence and that they were not to concern themselves with the other items. When the foreperson later repeated the jury's question about the contents of the sack, the trial judge instructed them, "Let me put it to you as concise and as distinct and plain as I know how under the

law. Insofar as the paper bag is concerned, you are not to concern yourselves with anything except the jacket, regardless of what was in the bag, if anything was in the bag. Whatever was in the bag, you're not concerned with it. You're concerned with only that evidence that was delivered to you in the jury room." In response to the foreperson's inquiry about the list on the bag, the trial judge stated he did not know why the list went out with the jury, then told the jury twice to forget about the list.

The transcript supports the appellant's contention that the jury displayed more than a casual interest in the items mistakenly submitted to them and raises questions as to the efficacy of the trial court's instructions to the jury to disregard those items. However, pretermitting the issue whether appellant waived any objection to the jury's contact with the list on the bag, even conceding that error was committed when the jury was allowed to come into contact with both the list and the items in the State's exhibit, that error was harmless in view of the overwhelming evidence of appellant's guilt. As established at trial, appellant entered the service station operated by Horace Logan and robbed both Logan and his assistant, Andy England, at gunpoint. Appellant then forced the two men outside, still at gunpoint, at which time Logan's nephew and another man drove up to the service station. The arrivals, alerted by Logan's shouts, took cover as appellant fired two shots at them. Logan attacked appellant as he was shooting at the arrivals. In the fight appellant struck Logan repeatedly with the gun. The gun was dislodged from appellant's hand, and he fled to the nearby woods. Logan, unaware appellant was unarmed, retrieved his own gun and with his nephew unsuccessfully tried to find appellant. Returning to the service station, Logan managed to bluff appellant into surrendering by claiming the woods were surrounded. Logan and the other men then held appellant until police arrived. The money taken from Logan and England was found in appellant's possession, and Logan and the other men at the service station all positively identified appellant as the perpetrator of the charged crimes.

Applying the standard set forth in *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976), it is highly probable that any error in allowing the jury to come into contact with the items in the State's exhibit did not contribute to the jury's verdict. See also *Wilson v. State*, 145 Ga. App. 33, 35-36 (6) (243 SE2d 304) (1978); *Brooks v. State*, 236 Ga. 108 (223 SE2d 79) (1976). Therefore, I concur in the majority's affirmance of appellant's conviction.

I am authorized to state that Judge Carley joins in this special concurrence.

DECIDED JANUARY 17, 1991.

*Jerry C. Gray*, for appellant.

*Timothy G. Madison, District Attorney, Jeffery G. Morrow, Assistant District Attorney,* for appellee.