### A92A0039. McALISTER v. THE STATE.
(419 SE2d 64)

Johnson, Judge.

Todd Louis McAlister (McAlister) was convicted of trafficking in cocaine and possession of cocaine with intent to distribute. The possession conviction was subsequently vacated, as it constituted a lesser included offense. He appeals his conviction and the denial of his motion for a new trial.

On August 19, 1990, Rhonda Greathouse (Greathouse), turned on the oven in the house she shared with appellant and Darrin Prather (Prather) in order to cook breakfast. Shortly thereafter, smoke and flames erupted from the oven and she summoned the DeKalb County Fire Department for help. Upon investigating the source of the blaze, firemen observed what appeared to be a large amount of smoldering United States currency and a quantity of suspected cocaine in the

bottom portion of the oven. The DeKalb County police and Narcotics Squad were called, and a field test of the substance found in the stove indicated the presence of cocaine. A search warrant was obtained and a search of the premises revealed other quantities of suspected cocaine, cash, and firearms.

Greathouse, as well as Prather and McAlister, were indicted in connection with the incident. Prather entered a guilty plea to possession of cocaine with intent to distribute, theft by receiving stolen property, and possession of a firearm by a first offender probationer. Both Prather and Greathouse testified for the State in the case against McAlister.

1. McAlister contends that the court erred in failing to grant a motion for mistrial, allegedly made during a bench conference, after the State had improperly placed McAlister's character in issue. At trial, the assistant district attorney asked Prather: "Have you and Todd McAlister ever sold drugs together?" He replied, "Yes, we have." Defense counsel objected. A bench conference was held but not reported on the record. A curative instruction was then given to the jury. Defense counsel asserts that he made a motion for a mistrial at the bench conference, which was denied. The State asserts that a motion for mistrial was not made at that time. It is undisputed, however, that the motion for mistrial, even if made, was not renewed on the record following the curative instruction. "Where the trial judge gives corrective instructions and thereafter counsel fails to request further instruction or renew his motion for mistrial, an enumeration addressed to such ground is without merit." *Chandler v. State*, 143 Ga. App. 608, 609 (2) (239 SE2d 158) (1977). Therefore, even if we assume that defense counsel did make a motion for mistrial at the unreported bench conference, his failure to renew it following the curative instruction constituted a waiver. *Williams v. State*, 117 Ga. App. 79 (2) (159 SE2d 454) (1968); *Evans v. State*, 190 Ga. App. 302 (378 SE2d 903) (1989). The failure to renew the motion for mistrial following the curative instruction leaves this court nothing to review.

It must be noted that the question posited to the witness was clearly improper. The assistant district attorney undoubtedly knew at the time the question was asked that he was improperly putting the defendant's character in issue and was challenging the defense to object to his blatant disregard for the rights of the defendant. As an officer of the court, the assistant district attorney has an obligation to ensure that proceedings are conducted in accordance with the rules of evidence and the laws of this state. It appears from the record that but for the objection of defense counsel and the curative instructions given by the court, his wilful disregard of his duties as an officer of the court would have gone uncorrected, and resulted in the violation of the defendant's constitutional right to a fair trial.

2. In his second enumeration of error, McAlister has asserted that he was denied effective assistance of counsel. Specifically, it is asserted that trial counsel failed to make a timely motion for mistrial following the introduction of character evidence and did not object to the court's charge to the jury regarding finding McAlister guilty of count three (possession with intent to distribute) *and/or* count four (trafficking). We must apply the two-prong test for determination of ineffectiveness of counsel as set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). *Strickland* held that in order to make a finding of ineffectiveness, it must be established that the representation must fall below an objective standard of reasonableness and the defendant must show prejudice in that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, supra at 688. See *Noland v. State*, 202 Ga. App. 125 (413 SE2d 509) (1991); *Wilson v. State*, 199 Ga. App. 900 (406 SE2d 293) (1991).

It is unclear whether or not the motion for mistrial was made at the unreported bench conference. It is clear, however, that a timely objection was made and a curative instruction given to the jury. The jury was instructed that it could find McAlister guilty of count three (possession with intent to distribute) *and/or* count four (trafficking) of the indictment. The jury found him guilty as to both counts. At post-trial proceedings the conviction as to count three was vacated as it constituted a lesser included offense. Therefore, if there was error with respect to the charge, it was harmless. It is clear from a review of the entire record that McAlister's trial attorney was effective under the *Strickland* standard, and that the alleged deficiencies in question would not have affected the outcome of the trial. We concur with the opinion of the trial judge, who stated at the hearing on the motion for a new trial: "I think (trial counsel) did as good a job as he could have. He had about as tough a case as I (have) seen up here."

3. Finally, McAlister argues that the trial court erred in limiting his cross-examination of Prather as to any plea bargain he had struck with the state in exchange for his testimony. Specifically, McAlister asserts that the trial court erred in refusing to allow him to ask the length of Prather's sentence without producing a copy of the conviction. We find that this was error. Prather had personal knowledge of the length of his sentence and should have been allowed to testify about it. However, the error was harmless.

The trial court ruled that McAlister could not question Prather about the exact length of the sentence he received in exchange for his testimony without a certified copy of his conviction. This ruling from the trial court forced counsel to choose between forfeiting his right to the final closing argument and presenting particulars of the witness' deal with the State. In making this ruling, the court relied upon es-

tablished Georgia law that in order to impeach a witness by proof of a prior conviction, it is necessary to introduce a certified copy of the conviction into evidence. *O'Toole v. State*, 258 Ga. 614, 616 (4) (373 SE2d 12) (1988). Here, McAlister was not attempting to impeach by proof of prior conviction; rather he was trying to impeach by exploring the terms of "deal" Prather had struck with the State. This would include his understanding of the length of his sentence, which was presumably reduced in exchange for favorable testimony in this case. For this purpose, it would not be necessary to introduce a certified copy of the conviction. The witness had first-hand knowledge of the details of his sentence and that the sentence was a substantive part of the deal made for his testimony.

Nonetheless, we find that the court's ruling was harmless because McAlister was afforded wide latitude to explore the details, except as to the exact length of the sentence. Compare *Hines v. State*, 249 Ga. 257, 259 (2) (290 SE2d 911) (1982); *Owens v. State*, 251 Ga. 313, 314 (1) (305 SE2d 102) (1983). Prather appeared at the trial in prison clothes and was allowed to testify that he entered into an agreement with the District Attorney with regard to a number of cases pending against him. Defense counsel was permitted to ask numerous questions about those other charges, both related to the incident in this case and others, without objection. The jury could easily extrapolate from that testimony that the witness had negotiated a reduction in the sentence received in exchange for his testimony in this case without knowing the exact length of his sentence. " 'It is, of course, settled that harmless error will not authorize a reversal by this court. (Cit.)' [Cit.]" *Randall v. State*, 195 Ga. App. 755, 756 (5) (395 SE2d 2) (1990).

*Judgment affirmed. Carley. P. J., and Pope, J., concur.*

DECIDED MAY 4, 1992 —
RECONSIDERATION DENIED MAY 18, 1992 — 

*Brownlow & Schaefer, Ira B. Brownlow, Jr.,* for appellant.
*Robert E. Wilson, District Attorney, Robert W. Houman, J. Tom Morgan, Assistant District Attorneys,* for appellee.