A92A1962. LEWALLEN v. THE STATE.
(429 SE2d 684)

COOPER, Judge.

Appellant was convicted in a jury trial of enticing a child for indecent purposes, rape, incest, cruelty to children and two counts of child molestation. He appeals from the denial of his motion for new trial, raising as his sole enumeration of error the trial court's denial of his motion for a mistrial.

Prior to the trial, appellant was suffering from a hernia which caused portions of his intestines to protrude through his groin area. To prevent the protrusion, which was visible through his pants, appellant would hold his groin area in his hand and attempt to push the bulging area back into place. Appellant moved for a continuance to

obtain medical treatment prior to commencement of the trial because of the potential for prejudice which could result from a jury seeing him appearing to fondle himself during the trial on various sex offenses. The court denied his request but ordered that appellant's movements about the courtroom take place outside the presence of the jury. However, on the second day of the trial, when appellant was brought into the courtroom, clutching his groin, the jury was already seated in the jury box. Appellant moved for a mistrial, which the trial court denied. The trial judge then advised appellant of the curative instructions it intended to give, to which appellant replied, "In light of that and without waiving my motion — I think that the corrected instructions may be appropriate, but I'm not sure they'll completely correct the errors." The curative instructions were then given, and the trial resumed.

" 'If a motion for a mistrial is overruled but corrective instructions are given by the court and thereafter counsel fails to request further instructions or [fails to renew] his motion for a mistrial, the overruling of the motion is not regarded as error. (Cits.)' [Cit.]" *Fulbright v. State*, 194 Ga. App. 827, 828 (2) (392 SE2d 298) (1990). Appellant's counsel's remarks prior to the curative instructions did not preserve this issue for review on appeal; therefore, any error in failing to grant a mistrial was cured by the trial court's instructions. *Quick v. State*, 198 Ga. App. 353 (1) (401 SE2d 758) (1991).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 26, 1993 —
RECONSIDERATION DENIED MARCH 24, 1993.

*Ruskell & Harris, G. Channing Ruskell*, for appellant.
*Garry T. Moss, District Attorney, Cecelia V. Moutoux, Assistant District Attorney*, for appellee.