## A93A0478. MACK v. THE STATE.
(430 SE2d 862)

BEASLEY, Presiding Judge.

Mack appeals from his judgment of conviction and sentence for possession of cocaine with intent to distribute, OCGA § 16-13-30 (b). His motion for new trial was denied.

His sole enumeration of error is directed at the denial of a motion for mistrial after the State attempted to impeach his testimony by use of a pre-sentence probation report. We affirm.

Appellant testified in his own defense and the following was elicited on direct examination: "Q. Have you ever been either convicted or charged with a crime dealing with drugs? A. Never been in trouble with any law back home. Never before. Q. Never been in trouble at all? A. Never."

The State inquired during cross-examination: "Q. One of the questions that [your attorney] asked you was you had never been in any trouble before and never been arrested on any drug charges and you testified no, isn't that right? A. Yes, sir. Q. Well, explain to the jury then how —," whereupon appellant objected and a discussion ensued, which began in, but concluded outside of, the presence of the jury.

The State had in its possession a copy of the pre-sentence report which revealed that appellant had been criminally charged on several occasions in Florida, including three drug arrests. The evidence was offered to prove the falsity of appellant's direct testimony. See *Jones v. State*, 257 Ga. 753 (1) (a) (363 SE2d 529) (1988). The trial court refused to allow cross-examination concerning these charges in the absence of the proper documentary support.

Appellant moved for mistrial on the basis that the jury was tainted by the attempted questioning. The motion was denied, and the jury was given curative instructions as follows, based on what it had heard: "Ladies and gentlemen of the jury, there was some discussion before you were sent out about the — possible criminal record on

behalf of the defendant, and the defendant denies a criminal record. There was some information brought to your attention by the district attorney about certain charges. Well, anybody can be charged with anything, and that is not a conviction. The fact that you've been charged with speeding doesn't mean that you're guilty of speeding. If they find you guilty and then put it in the record, then you've got a finding of guilty and you are guilty of speeding. The same thing with anything else. I will charge you that there is not any evidence before this Court at this time that this man has been convicted of a criminal offense in Dade County, Florida. And I will leave it on that basis." Following these curative instructions appellant made no further complaint and did not renew his motion for mistrial. He is therefore precluded from raising this issue on appeal. *Schirato v. State*, 260 Ga. 170 (5) (391 SE2d 116) (1990).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED APRIL 19, 1993.

*Ellis & Easterlin, Russ F. Barnes*, for appellant.
*John R. Parks, District Attorney, Henry O. Jones III, Assistant District Attorney*, for appellee.