## A93A1807. PETERSON v. THE STATE.
(441 SE2d 267)

JOHNSON, Judge.

A jury found Nathaniel Peterson guilty of kidnapping with bodily injury, rape, terroristic threats, and sodomy. He appeals from the judgment of conviction entered on the verdict and from the denial of his motion for a new trial.

The evidence at trial showed that Peterson followed the victim home from a bar and forced her inside her apartment. A struggle ensued during which Peterson kicked and bit the victim. They ended up in a bedroom, where Peterson repeatedly hit the victim and pulled out handfuls of her hair. He choked the victim and subsequently raped her. He then forced her to smoke crack cocaine, commit oral sex upon him, and raped her again.

Peterson left the victim's apartment the next morning, but when the victim opened the door to look outside he was standing in the doorway. He forced his way back into the apartment, and again beat her, bit her, pulled out her hair and raped her. At one point the victim escaped onto the porch, but Peterson pulled her back inside, hit her and threatened to kill her if she tried to escape again. The rapes

and beatings continued for another day before the police entered the apartment and arrested Peterson.

1. Peterson contends that the trial court should have dismissed the kidnapping with bodily injury charge as it was established with the same evidence as the rape and sodomy charges. This contention is without merit. "In determining whether a crime is established by proof of the same or less than all the facts required to establish the commission of another crime within the meaning of OCGA § 16-1-6, we look to the actual evidence introduced at trial. If the state uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact under OCGA § 16-1-6." (Citation and punctuation omitted.) *Turner v. State*, 194 Ga. App. 878, 880 (3) (392 SE2d 256) (1990). Here, the evidence used to establish the offense of kidnapping with bodily injury was the asportation of the victim and the bite marks, bumps, and bruises suffered by the victim when she was pushed inside the apartment and prevented from leaving. See *Giddens v. State*, 190 Ga. App. 723 (380 SE2d 274) (1989). On the other hand, the offenses of rape and sodomy were proved by testimony concerning subsequent events. Because the facts used to prove the crimes of rape and sodomy were different from those used to show the essential elements of kidnapping with bodily injury, the offenses did not merge. *Taylor v. State*, 194 Ga. App. 871, 873 (3) (392 SE2d 57) (1990).

2. Peterson contends that the trial court erred in denying his motion for a mistrial and in giving the jury a so-called *Allen*[1] charge. Peterson is precluded from raising this issue on appeal because he did not properly preserve it for review. At trial, the jury interrupted its deliberations to send a note to the judge informing him that one of the jurors thought that he could not be impartial because he was once accused of rape. Peterson's attorney never made an express motion for a mistrial; rather, he simply stated: "I think that's a mistrial, Your Honor." In the ensuing colloquy with the court, Peterson's attorney stated: "The only thing that I can see is that it's a mistrial situation." The judge made no ruling on this implied motion, and Peterson did not request a ruling. Instead, the judge stated that he would give the *Allen* charge, to which Peterson did not object. Following the court's charge, Peterson made no further complaint, requested no further instruction, and failed to renew his implied motion for mistrial. "Where

---

[1] *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896). The charge basically advises jurors of the desirability of reaching an agreement and admonishes them to examine the issues with candor and fairness and with a proper regard for and deference to the opinions of the other jurors. For a detailed discussion of the *Allen* charge, see *Romine v. State*, 256 Ga. 521, 521-527 (1) (350 SE2d 446) (1986).

the trial judge gives corrective instructions and thereafter counsel fails to request further instruction or renew his motion for mistrial, an enumeration addressed to such ground is without merit." (Citation and punctuation omitted.) *McAlister v. State*, 204 Ga. App. 259, 260 (1) (419 SE2d 64) (1992); *Lewallen v. State*, 208 Ga. App. 138, 139 (429 SE2d 684) (1993). Therefore, even if we assume that counsel did make a motion for a mistrial, his failure to renew it following the corrective instruction constituted a waiver and leaves this court nothing to review. *McAlister*, supra at 260; *Mack v. State*, 208 Ga. App. 513, 514 (430 SE2d 862) (1993).

3. Peterson complains that the trial court erred in not allowing him to cross-examine the victim regarding her past drug use, physical fights with her boyfriend, and promiscuity. We disagree. The right to a thorough and sifting cross-examination is not abridged when the trial judge limits it to relevant matters. *Stephens v. State*, 207 Ga. App. 645, 646 (1) (428 SE2d 661) (1993). Whether the victim used drugs in the past or was battered by her boyfriend is not relevant to whether Peterson kidnapped, raped, threatened or sodomized her. See generally *O'Toole v. State*, 258 Ga. 614, 616 (3) (373 SE2d 12) (1988); *Harris v. State*, 196 Ga. App. 304, 305 (3) (396 SE2d 288) (1990). Nonetheless, the trial judge did allow Peterson to ask the victim whether her boyfriend inflicted the injuries she suffered in the attack for which he was on trial. Peterson failed to ask any questions regarding the victim's promiscuity and never got any ruling on whether he could ask such questions. "It is the duty of counsel to obtain a ruling on his motions or objections, and the failure to do so will ordinarily result in a waiver." *Harris v. State*, 190 Ga. App. 343, 348 (4) (378 SE2d 912) (1989). The issue was never properly raised or ruled upon by the trial court and cannot be considered for the first time on appeal. See *Hunter v. State*, 202 Ga. App. 195, 198 (413 SE2d 526) (1991).

*Judgment affirmed. McMurray, P. J., concurs. Blackburn, J., concurs specially.*

BLACKBURN, Judge, concurring specially.

OCGA § 16-5-40 (a) defines a kidnapper as a person who "abducts or steals away [another] person without lawful authority or warrant and holds such person against his will." The majority correctly holds that the distance which the kidnapper abducts the victim is without legal significance under Georgia law. See *Giddens v. State*, 190 Ga. App. 723, 725 (380 SE2d 274) (1989). While I am constrained to follow the rulings of this court, this legal principle is carried too far when kidnapping is based upon the asportation of the victim from one room in an apartment to another. Under the present holdings, almost any crime in which a victim moves from the point of initial

contact with the defendant would authorize a kidnapping charge.

In Division 2, the majority discusses, without deciding, whether counsel's statement, "I think that's a mistrial, Your Honor." was sufficient to present a motion for mistrial. There is no magic to the word "motion"; counsel's comments were sufficient to inform the trial court of the action which counsel thought was required. Once such a motion is made, it is the duty of the trial court to rule upon it, and the trial court's failure to meet its burden should not be held against the movant. In Georgia, the burden is put upon the defendant not only to raise the proper motions and objections, but to insure that the trial court meets its duties, while providing no authority by which he can require the trial court to act.

In Division 3, the majority determined that the victim's drug use was not relevant to whether Peterson kidnapped, raped, threatened, or sodomized the victim. I agree, that under the facts of this case, such evidence was not relevant. I concur specially in this Division to point out that such facts could be relevant, depending on the defenses raised by the defendant.

DECIDED FEBRUARY 11, 1994.

*Donald B. Lowe III*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney*, for appellee.