## A94A1243. ISAACS v. THE STATE.
### (444 SE2d 409)

BIRDSONG, Presiding Judge.

After a bench trial, Danny Edward Isaacs was found guilty of kidnapping, burglary, aggravated assault, sexual battery, and simple battery. Upon Isaacs' motion, the trial court merged the simple assault count with the sexual battery count, and then sentenced Isaacs to serve 20 years for the kidnapping, 20 years consecutively to the kidnapping sentence for the burglary, 20 years on probation consecutively to the sentences for kidnapping and burglary for the aggravated assault, and 12 months on probation concurrently with the sentence for aggravated assault for the sexual battery.

Isaacs contends the trial court erred by failing to merge the kidnapping count with the aggravated assault count, and also erred by failing to exclude evidence of an impermissibly suggestive photographic line-up. *Held*:

1. Construing the evidence most strongly in support of the verdict as we must (*Grant v. State*, 195 Ga. App. 463 (393 SE2d 737)), the record shows that Isaacs, who was campaigning for a political candidate, visited the victim's home one afternoon ostensibly to secure her support for his candidate. After spending some ten to twenty minutes with her in friendly conversation, Isaacs left.

The next day, Isaacs returned to the victim's home again ostensibly seeking permission to place a sign in the victim's yard and again spoke with her for several minutes in seemingly friendly conversation. When the victim turned to go inside her home, Isaacs burst through the front door, knocking the victim to the floor. Isaacs attempted to drag the victim upstairs, but when she resisted, he dragged her through the dining room and into the kitchen. When in the kitchen, Isaacs threw her to the floor and removed the victim's shorts. Then, Isaacs abruptly stopped his attack and left.

Isaacs contends that the facts necessary to prove the kidnapping conviction were included in the evidence necessary to establish the aggravated assault conviction. Consequently, he contends the trial court erred by not merging the kidnapping count with the aggravated assault conviction and sentencing him only for the aggravated assault.

The record shows that Isaacs was indicted with kidnapping by "abduct[ing the victim] without lawful authority and hold[ing] her against her will" and the aggravated assault with intent to rape count charged him with throwing the victim to the floor and removing her pants thereby placing the victim in reasonable apprehension of immediately receiving a violent injury, "to wit: rape." Thus, the indictment alleged two separate offenses.

"In determining whether a crime is established by proof of the same or less than all the facts required to establish the commission of

another crime within the meaning of OCGA § 16-1-6, we look to the actual evidence introduced at trial. If the state uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact under OCGA § 16-1-6." (Citation and punctuation omitted.) *Turner v. State*, 194 Ga. App. 878, 880 (3) (392 SE2d 256). See also *Peterson v. State*, 212 Ga. App. 31 (441 SE2d 267) (physical precedent). In this instance, it is apparent that the State did not use all of the evidence necessary to establish the kidnapping when proving the aggravated assault.

Here, the kidnapping was complete when Isaacs dragged the victim from the front door to the kitchen and held her against her will. See *Giddens v. State*, 190 Ga. App. 723, 725 (380 SE2d 274). Thus, the evidence necessary to establish the aggravated assault, i.e., that Isaacs, with the intent to commit rape, threw the victim to the floor and pulled off her pants, however, was different from the evidence necessary to establish the kidnapping, i.e., that the victim was dragged and held in different rooms of her house. See *Giddens v. State*, supra; *Williams v. State*, 178 Ga. App. 581, 592 (344 SE2d 247). Further, even if the two offenses had been established by the same evidence, Isaacs would not be entitled to the relief he seeks. If merger was required, the aggravated assault offense would have merged into the kidnapping. See *Gober v. State*, 203 Ga. App. 5, 8 (416 SE2d 292). Therefore, Isaacs' first enumeration of error is without merit.

2. Isaacs next enumerates as error the trial court's admission of evidence concerning his photographic line-up. The sheriff's department was called and a deputy took a description of the suspect that upon contact with the campaign of the local candidate led to Isaacs. The deputy later prepared a photographic line-up from which the victim identified Isaacs' photograph. Isaacs, however, contends this identification should have been excluded because his photograph was sufficiently different from the others so that it was impermissibly suggestive.

Pretermitting whether there were defects in the photographic line-up, the test for determining whether a due process violation occurred in cases such as this "is whether the identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *McCoy v. State*, 190 Ga. App. 258, 260 (378 SE2d 888). The considerations in evaluating the likelihood of misidentification include: (a) the opportunity of the witness to view the criminal at the time of the crime, (b) the witness' degree of attention, (c) the accuracy of the witness' prior description of the criminal, (d) the level of certainty demonstrated by the witness at the confrontation, and (e) the length of time between the crime and the confrontation. *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34

LE2d 401); *McCoy v. State*, supra.

In this instance, the record shows that prior to the attack and in unstressful circumstances, the victim talked with Isaacs for extended periods on two days with no apparent distractions; the victim's description of her attacker given to the police was sufficiently accurate that campaign workers were able to promptly identify Isaacs as the probable suspect; the photographic line-up was conducted shortly after the crimes and the victim identified Isaacs without hesitation. Thus, considering these factors, we must conclude that under the "totality of the circumstances" (*Neil v. Biggers*, supra), the procedures used in this case were not so impermissibly suggestive as to cause a very substantial likelihood of irreparable misidentification.

Nevertheless, assuming arguendo some taint occurred in the pretrial identification, a witness' in-court identification may be admitted if it has an "independent origin." *McCoy v. State*, supra. See *Jones v. State*, 258 Ga. 25, 27 (365 SE2d 263). Therefore, considering the totality of the circumstances discussed above as well as the witness' ability to identify Isaacs, we find that the witness' in-court identification had an independent origin so that any error in the photographic line-up was harmless beyond a reasonable doubt. *Johnson v. State*, 238 Ga. 59, 60 (230 SE2d 869); *Palmer v. State*, 186 Ga. App. 892, 897 (369 SE2d 38). Therefore, this enumeration of error is also without merit.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED MAY 27, 1994.

Bruce S. Harvey, Pete C. Whitlock, Jr., for appellant.
Lydia J. Sartain, District Attorney, Lee Darragh, Assistant District Attorney, for appellee.