Blackwell, Justice,
concurring.
I concur fully in the opinion of the Court, and I write separately only to note some uncertainty in our law about the extent to which Gregory A. Levin and others like him may be retried, their convictions having been set aside on habeas or appeal. When a conviction is set aside for a mere trial error — inaccurate jury instructions, for instance, or the admission of inadmissible evidence — the State generally is permitted a retrial, and the constitutional prohibition of double jeopardy does not preclude it. See State v. Caffee, 291 Ga. 31, 34 (3) (728 SE2d 171) (2012). When a conviction is set aside, however, upon the failure of the State to have adduced evidence legally sufficient to sustain the conviction, the constitutional prohibition of double jeopardy ordinarily bars a retrial. See Burks v. United States, 437 U. S. 1 (98 SCt 2141, 57 LE2d 1) (1978). See also Green v. State, 291 Ga. 287, 288 (1) (728 SE2d 668) (2012); Prater v. State, 273 Ga. 477, 481 (4) (545 SE2d 864) (2001). Today, we hold that the State failed to present evidence legally sufficient to sustain the conviction of Levin for kidnapping, and on that basis, we direct that his conviction must be set aside. If this were an ordinary sufficiency case, our decision would preclude a retrial. But it might not be so ordinary.
From time to time, the appellate courts may perceive that the judicial understanding of a principle of law has gone off course, and they may undertake a course correction, upending an understanding of the law that previously had been settled in the minds of judges, lawyers, and ordinary citizens alike. Most often, these course corrections concern points of procedural law. But on occasion, the appellate courts may correct course as to substantive law, including the elements of a crime. Recently, this Court did just that in Scott v. State, 295 Ga. 39 (757 SE2d 106) (2014), deciding that the longstanding *785 judicial understanding of the elements of trafficking in cocaine under former OCGA § 16-13-31 (a) (1) was in error, and holding that proof of trafficking under that version of the statute required “proof that the defendant had knowledge of the weight of the cocaine,” 295 Ga. at 42 (3), several precedents of the Court of Appeals to the contrary notwithstanding. Id. at 42 (3), n. 4 (overruling Cleveland v. State, 218 Ga. App. 661 (463 SE2d 36) (1995), and its progeny).
Another such course correction was Garza v. State, 284 Ga. 696 (670 SE2d 73) (2008), the case on which we rely today. Before Garza, it seemed settled in Georgia that virtually any movement at all of the victim would suffice as asportation for the purposes of former OCGA § 16-5-40. See, e.g., Peterson v. State, 212 Ga. App. 31, 33-34 (441 SE2d 267) (1994) (Blackburn, J., concurring specially) (“Under the present holdings, almost any crime in which a victim moves from the point of initial contact with the defendant would authorize a kidnapping charge.”); Helton v. State, 166 Ga. App. 662, 663 (1) (305 SE2d 592) (1983) (“[0]nly the slightest movement of the victim is required to constitute the necessary element of asportation.”) (citation omitted); Chambley v. State, 163 Ga. App. 502, 504 (1) (295 SE2d 166) (1982) (“[A] ny unlawful asportation, however slight, is sufficient to support a kidnapping conviction.”) (citations omitted). But in Garza, this Court said that this judicial understanding of asportation had gone too far off course, and we held that asportation required movement that was more meaningful and consequential, identifying the four factors to which the Court looks today. 284 Ga. at 702 (1). When the State tried Levin for kidnapping — fourteen years before our decision in Garza — the prosecuting attorneys, of course, had no reason to think that anything more than proof of a slight movement would be necessary to prove asportation. Nonetheless, under Garza, the State failed to present evidence sufficient to sustain the conviction in this case, and Levin is entitled to have his conviction for kidnapping set aside.
When the State can know what proof the law requires, but fails to offer such proof at trial, the State ought not have another chance to convict the accused. But when the State relies on a longstanding and settled understanding of the law, and it offers evidence sufficient to carry its burden consistent with that understanding — only to have that understanding suddenly upended years later by an appellate court undertaking a course correction — it is not so clear that the State should be denied a second chance. Courts in a number of other jurisdictions have held that, “where a reviewing court determines that the evidence presented at trial has been rendered insufficient only by a post-trial change in law, double jeopardy concerns do not preclude the government from retrying the defendant.” United States *786 v. Ford, 703 F3d 708, 711 (II) (A) (4th Cir. 2013) (citations omitted). See also United States v. Wacker, 72 F3d 1453, 1465 (II) (A) (10th Cir. 1996); United States v. Weems, 49 F3d 528, 531 (II) (9th Cir. 1995); State v. Liberty, 370 SW3d 537, 554 (IV) (Mo. 2012); State v. Drupals, 49 A3d 962, 976, n. 12 (Conn. 2012). I can find no precedent in Georgia, however, that speaks to this question, and for us, the answer for now is uncertain.
Decided October 6, 2014.
Sarah L. Gerwig-Moore, for appellant.
Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Vicki S. Bass, Assistant Attorney General, Daniel M. King, Jr., for appellee.
Today is no occasion to attempt to resolve the question, and I mean to express no definitive view of the right answer. This appeal from a denial of habeas relief does not squarely present the question, and in fact, Levin himself may never have to confront it. After all, perhaps the prosecuting attorneys in his case would have nothing more to offer about asportation in any event, and so, they would not prefer to retry him, even if they could. Even so, I anticipate — especially in light of Garza and Scott — that some Georgia court soon may have to confront the question, whether for Levin or another similarly situated. I write separately only to note that the question appears under Georgia law to be an open one.