## A92A0903. MELTON v. THE STATE.
(418 SE2d 428)

McMURRAY, Presiding Judge.

Defendant was convicted of kidnapping with bodily injury and sentenced to life in prison as a repeat offender. He appeals, following the denial of his motion for a new trial.

Briefly stated, the evidence, viewed in favor of the State, demonstrates the following: On February 3, 1987, defendant saw the victim, a 17-year-old girl, and her 10-year-old nephew, walking near the expressway. Defendant offered the victim a ride and assured her that he would take her where she wanted to go without harming her. The victim wanted to find her boyfriend, a truck driver. The victim and her nephew entered defendant's car and defendant drove off searching for the victim's boyfriend. After catching up with a truck driven by a man who knew the boyfriend, and getting an idea about the boyfriend's whereabouts, defendant took the victim and her nephew to his house where he changed his clothes. At that point, the victim told defendant that she needed to take her nephew home and they left to go to the victim's house. Along the way, defendant stopped at a store where he purchased some beer. The victim drank one of the beers.

Defendant drove the victim home and she brought her nephew in the house. Defendant asked the victim if she wanted to ride around. She agreed to do so, insisting that defendant first go in the house and meet her mother which defendant did. When they left the house, de-

fendant stopped at another store, purchased some Kahlua and offered a mixed drink to the victim. The victim refused to drink it because it was too strong. The victim mixed a drink for herself. Then defendant asked the victim if she wanted to "get some pot." The victim declined.

Thereafter, defendant and the victim went to a truck stop where they found the victim's boyfriend. The victim talked with her boyfriend for 45 minutes while defendant waited for her. The victim returned to defendant's car and they "headed off" in the direction of the victim's house.

The victim had taken some pills and passed out in defendant's car. The next thing she knew, her pants were partially down, and defendant was inserting his finger in her vagina. The victim tried to get away and began to scream. Defendant covered the victim's mouth and beat her face with his fists. He threatened to kill the victim if she did not remove her clothes. Finally, he choked the victim and banged her head against the window and dashboard until she lost consciousness.

When the victim came to, she found herself in a wooded area, at the bottom of an embankment. She managed to get help and was taken to the hospital where she remained for two days. She suffered from bruises to her entire body and it was difficult for her to walk and talk. Concentric contusions around the victim's wrists and forearms led the medical examiner to conclude that she had been bound. *Held*:

1. In his first enumeration of error, defendant contends the trial court erred in permitting the State to introduce a 1979 conviction for rape and sodomy at the sentencing hearing because defendant's "*Anders* [ *v. California*, 386 U. S. 738 (87 SC 1396, 18 LE2d 493)] rights had been violated." We cannot consider this contention because defendant did not challenge the prior conviction at the time of sentencing. *Brenneman v. State*, 200 Ga. App. 111, 115 (6) (407 SE2d 93).

2. "If in any case it cannot be determined in what county a crime was committed, it shall be considered to have been committed in any county in which the evidence shows beyond a reasonable doubt that it might have been committed." OCGA § 17-2-2 (h). In the case sub judice, defendant's own pre-trial statement shows beyond a reasonable doubt that the crime might have been committed in Cobb County. See generally *Jackson v. State*, 177 Ga. App. 718, 719 (341 SE2d 274) (slight proof of venue is sufficient where venue is not contested at trial). It follows that defendant's second enumeration of error, in which defendant asserts venue was not proved, is without merit.

3. Defendant contends the trial court erred in allowing evidence concerning two sex offenses (defendant was convicted of raping a 16-year-old girl on May 11, 1979, and sodomizing a 14-year-old girl on May 29, 1979) which defendant committed in 1979. In this connection, defendant asserts the circumstances surrounding the offenses

were not similar to the case sub judice. We disagree. In each case, the victim was a teenager and defendant offered her a ride. In each case, defendant was initially friendly and identified himself. In each case, defendant drove to a wooded area. In each case, defendant threatened to kill or harm the victim if she did not do as he said. In the rape case and in the case sub judice, defendant asked the victims if they wanted to smoke marijuana. Finally, in the sodomy case and the case sub judice, the victims were bound. In our view, these cases are similar enough that proof of the rape and sodomy cases tends to prove the kidnapping with bodily injury case. See *Stine v. State*, 199 Ga. App. 898, 899 (2) (406 SE2d 292). It follows that the trial court did not err in allowing evidence of the prior crimes.

4. The evidence was sufficient to enable any rational trier of fact to find defendant guilty of kidnapping with bodily injury beyond a reasonable doubt. *Green v. State*, 193 Ga. App. 894, 896 (1) (389 SE2d 358). See also *Taylor v. State*, 194 Ga. App. 871, 872 (1, 2) (392 SE2d 57); *George v. State*, 192 Ga. App. 840, 841 (1) (386 SE2d 669).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED APRIL 29, 1992.

*Threlkeld & Threlkeld, Larry W. Threlkeld*, for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.