A94A2448. MELTON v. THE STATE.
(454 SE2d 545)

RUFFIN, Judge.

Walter Keith Melton was convicted of kidnapping with bodily injury and sentenced in Cobb Superior Court to life imprisonment as a recidivist pursuant to OCGA § 17-10-7 on September 21, 1987. The conviction was affirmed by this court in *Melton v. State*, 204 Ga. App. 103 (418 SE2d 428) (1992). The recidivist sentence was based on 1979 convictions of rape and sodomy, a 1976 prosecution for theft by taking for which he was given first offender treatment and a 1979 misdemeanor conviction of receiving stolen property. On July 30, 1993, upon consideration of Melton's habeas corpus petition which challenged the 1979 rape and sodomy convictions, the Tattnall County Superior Court held that Melton was denied his rights to appointed counsel and to directly appeal the convictions and granted an out-of-time appeal of the 1979 convictions. Melton then moved the Cobb Superior Court to modify his recidivist life sentence or to resentence him on the ground that the 1979 convictions could no longer support his recidivist sentence because the convictions were obtained in violation of his right to appointed counsel as an indigent and the convictions were no longer final. Melton also argued, for the first time, that the two other prior prosecutions upon which his recidivist sentence was based were also erroneously considered by the court in imposing the 1987 recidivist sentence. The trial court denied Melton's motion pursuant to OCGA § 17-10-1 (a) on the ground it had no authority to modify any sentence 60 days after it was imposed. This appeal followed.

At the outset we note that the trial court was incorrect in concluding it was without authority to resentence Melton under OCGA § 17-10-1 (a). That statute does not apply in the instant case because a life sentence or the death penalty were mandated for a conviction of kidnapping with bodily injury. See OCGA § 16-5-40 (b). Moreover, it appears that Melton's 1979 rape and sodomy convictions, from which an out-of-time appeal was granted, are not convictions within the meaning of OCGA § 17-10-7 since that appeal is currently pending. *Croker v. Smith*, 225 Ga. 529 (4) (169 SE2d 787) (1969). Therefore, we must determine whether the recidivist sentence is nonetheless proper, excluding consideration of the rape and sodomy convictions. We will consider this issue despite Melton's failure to object to the introduction of his prior prosecutions at the pre-sentence hearing because it is likely that the trial court relied entirely on the rape and

sodomy convictions in imposing the sentence, which we have determined are now inadmissible for that purpose.

Melton's life sentence under OCGA § 17-10-7 should be sustained if the State demonstrated he was previously convicted of a felony under the laws of this state and was sentenced to confinement in a penal institution. OCGA § 17-10-7 (a). The record from Melton's pre-sentence hearing shows that the State introduced certified copies of a 1975 indictment for theft by taking, a 1976 probated sentence under the First Offender Act for that offense based on a negotiated guilty plea, and a 1979 misdemeanor conviction of receiving stolen property. Under the clear terms of OCGA § 17-10-7, only prior felony convictions can be used to support recidivist sentencing. Therefore, Melton's *misdemeanor* conviction did not invoke the recidivist statute.

As to the theft by taking charge, a probationary sentence is not a conviction. "[S]ince [Melton] was dealt with under the First Offender Act, there has been no adjudication on the plea; it has simply been tendered and accepted for the purpose of imposing punishment which, if successfully completed by defendant, will relieve him of any judgment of guilt and hence of any conviction. OCGA § 42-8-62. . . . [T]here is no conviction unless there is an adjudication following nonfulfillment of the court's terms." *Gunter v. State*, 182 Ga. App. 548, 549 (356 SE2d 276) (1987); *Priest v. State*, 261 Ga. 651 (2) (409 SE2d 657) (1991). There was no evidence presented at the pre-sentence hearing which showed that Melton violated the probated sentence, authorizing the court to enter an adjudication of guilt (OCGA § 42-8-60 (b)), or that he successfully completed the terms of his probated sentence and was discharged, in which case the prosecution could not be used in the determination of a recidivist sentence (see *Queen v. State*, 182 Ga. App. 794 (1) (357 SE2d 150) (1987)). Thus, this case should be remanded to the trial court so that further evidence may be introduced to resolve this issue. If the evidence demonstrates that Melton failed to satisfy the requirements of the probated sentence and the trial court subsequently entered an adjudication of guilt and sentence, Melton's life sentence under OCGA § 17-10-7 in the instant case is sustained. However, if the evidence shows that Melton was discharged, the sentence will be void for lack of evidence. In this instance, Melton should be resentenced for the separate offense of kidnapping with bodily injury of which he was convicted by the jury. See generally *Crumbley v. State*, 261 Ga. 610 (1) (409 SE2d 517) (1991).

*Case remanded with direction. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 2, 1995.

Walter K. Melton, *pro se.*

Thomas J. Charron, District Attorney, Debra H. Bernes, Russ J. Parker, Nancy I. Jordan, Assistant District Attorneys, for appellee.