## A96A0900. MELTON v. THE STATE.
(472 SE2d 547)

RUFFIN, Judge.

This case involves the proper sentence for a kidnapping with bodily injury conviction. It is again before us after remand in *Melton v. State*, 216 Ga. App. 215 (454 SE2d 545) (1995). We remanded this case to determine the validity of Melton's 1987 sentence following his conviction for kidnapping with bodily injury. Originally, Melton was sentenced to life as a recidivist pursuant to OCGA § 17-10-7. We expressed concern over the use of the recidivist statute in that Melton's 1979 rape and sodomy convictions were not convictions within the meaning of OCGA § 17-10-7 since that appeal was currently pending. *Melton*, 216 Ga. App. at 215. In addition, one of the convictions upon which the recidivist sentence was invoked was a misdemeanor conviction, and only felony convictions can be used to invoke the recidivist statute. Id. at 216.

On remand, the trial court conducted a resentencing hearing and sentenced Melton to life in prison. In his sole enumeration of error, Melton contends he was "sentenced to an unconstitutional, invalid, and excessive sentence which violates his constitutional guarantee against cruel and unusual punishment." For reasons which follow, we affirm.

It is not disputed that the only sentences authorized for a conviction of kidnapping with bodily injury are life imprisonment or death.

OCGA § 16-5-40 (b). See also *Melton*, 216 Ga. App. at 215; *Hasty v. State*, 210 Ga. App. 722 (2) (437 SE2d 638) (1993). However, Melton contends the statute is unconstitutional. He attacks the statute because it robs the trial court of any discretion to sentence him to a lighter sentence regardless of the severity of the injury. This Court has previously considered and rejected Melton's argument in *Green v. State*, 193 Ga. App. 894 (2) (389 SE2d 358) (1989), and *Albert v. State*, 180 Ga. App. 779 (10) (350 SE2d 490) (1986). Accordingly, this enumeration is without merit, and the sentence is affirmed.

While Melton also argues the evidence was insufficient to convict him of kidnapping with bodily injury, this issue was previously resolved against him in *Melton v. State*, 204 Ga. App. 103 (4) (418 SE2d 428) (1992). Moreover, it is not properly before this Court.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED JUNE 19, 1996.

Walter K. Melton, *pro se.*

*Thomas J. Charron, District Attorney, Joan V. Bloom, Nancy I. Jordan, Debra H. Bernes, Assistant District Attorneys*, for appellee.