## A99A2062. HOLDER v. THE STATE.

(522 SE2d 59)

MILLER, Judge.

Rodney Holder was convicted of driving in excess of the posted speed limit of 40 mph. On appeal he complains the accusation was defective in that it did not mirror the Uniform Traffic Citation issued by the investigating officer. He asserts in his brief that he made proper objections below.

Holder failed to order a transcript of his trial or to construct a record of the trial, as was his obligation if he desired to show he preserved his objections at trial. *Adams v. State*, 234 Ga. App. 696, 697 (2) (507 SE2d 538) (1998). "It cannot be presumed from a silent or non-existent transcript of a hearing below that a proper objection was interposed, and hence we must conclude that these enumerations are waived." *Boles v. Lee*, 270 Ga. 454, 455 (1) (511 SE2d 177) (1999).

Nothing in the pre-trial documents filed with the trial court or in any of the record forwarded to this court reflects an objection by Holder to the accusation or to any of the proceedings. Failure to object to such a defective accusation or indictment at or prior to trial waives the right to appellate review of the issue. See *O'Toole v. State*, 258 Ga. 614, 616 (5) (373 SE2d 12) (1988); *Selley v. State*, 237 Ga. App. 47, 50 (6) (514 SE2d 706) (1999).

Having failed to show any objection below, Holder is precluded from raising the issue on appeal. This ruling moots the State's motion to dismiss the appeal.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED AUGUST 18, 1999 —
RECONSIDERATION DENIED SEPTEMBER 7, 1999

Rodney Holder, *pro se.*
Gwendolyn R. Keyes, Solicitor, Ladonya S. Horton, Thomas E. Csider, *Assistant Solicitors*, for appellee.