## A01A1571. MELTON v. THE STATE.
(555 SE2d 488)

MILLER, Judge.

Walter Melton appeals from the trial court's denial of his "Motion to Correct Illegal Sentence," in which he challenged his sentence of life imprisonment for a conviction of kidnapping with bodily injury. We discern no error and affirm.

This appeal marks the fourth time that this case has come before us. The facts of this case are set forth in Melton's first appeal in which we upheld his conviction.[1] In his second appeal we remanded the case for resentencing on the issue of kidnapping with bodily injury.[2] After a life sentence was imposed on remand, Melton appealed for a third time, and we affirmed his sentence.[3] He now comes before us alleging that his sentence is illegal and void for various reasons, many of which are not properly before us or have already been decided adversely to him in his prior appeals.

1. Melton attempts to raise errors with respect to the indictment and jury charges used in his trial. However, we have previously upheld Melton's conviction,[4] and he cannot now raise these other issues concerning his conviction in connection with this appeal

---

[8] (Citations and punctuation omitted.) *Davis*, supra, 268 Ga. at 655.
[1] See *Melton v. State*, 204 Ga. App. 103 (418 SE2d 428) (1992).
[2] *Melton v. State*, 216 Ga. App. 215, 216 (454 SE2d 545) (1995).
[3] *Melton v. State*, 221 Ga. App. 778 (472 SE2d 547) (1996).
[4] *Melton*, supra, 204 Ga. App. at 105 (4).

regarding an alleged illegal sentence.[5]

2. Melton also contends that the State failed to prove venue at his trial and that OCGA § 16-5-40 (b) is unconstitutional. These issues, however, were already decided adversely to Melton in his prior appeals,[6] and we are bound by those rulings and cannot consider these issues again.[7]

3. Melton further argues that his sentence violates the equal protection clause. In order to prevail on such a claim, however, Melton "must prove that the decision-makers in *his* case acted with discriminatory purpose."[8] We fail to see, nor has Melton shown, any discriminatory purpose in the trial court's issuing a sentence that is authorized by law for the crime of kidnapping with bodily injury.[9] Melton's contention is without merit.

4. Melton also urges that his sentence is void because OCGA § 16-5-40 (b) is duplicitous. However, "duplicity" is not a concept that relates to a statute, but is rather a "technical fault in pleading of uniting two or more offenses in the same count of an indictment."[10] Kidnapping with bodily injury is a single crime, and Melton was properly charged with this crime in the indictment. To the extent that Melton may be attempting to challenge the indictment at this time, the time for that challenge has long passed, and the issue would not be properly before us now.[11]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 12, 2001 — 

Walter K. Melton, *pro se.*
Patrick H. Head, *District Attorney, Amelia G. Pray, Assistant District Attorney,* for appellee.

---

[5] *Daniels v. State,* 244 Ga. App. 522, 523 (536 SE2d 206) (2000).

[6] See *Melton,* supra, 204 Ga. App. at 104 (2); *Melton,* supra, 221 Ga. App. at 779.

[7] *Blalock v. State,* 201 Ga. App. 461 (411 SE2d 914) (1991).

[8] (Punctuation and footnote omitted; emphasis in original.) *Perkins v. State,* 269 Ga. 791, 794 (2) (505 SE2d 16) (1998).

[9] See OCGA § 16-5-40 (b).

[10] (Citations and punctuation omitted.) *State v. Boyer,* 270 Ga. 701, 703 (2) (512 SE2d 605) (1999).

[11] See *Daniels,* supra, 244 Ga. App. at 523. Cf. *Holder v. State,* 239 Ga. App. 821 (522 SE2d 59) (1999) ("Failure to object to . . . a defective accusation or indictment at or prior to trial waives the right to appellate review of the issue.") (citations omitted).