## A04A1681. BENJAMIN v. THE STATE.
### (603 SE2d 733)

PHIPPS, Judge.
A jury found Darryl Benjamin guilty of the 1991 armed robbery and kidnapping of employees at a Sandy Springs movie theater. He was sentenced to serve five consecutive life sentences on the armed robbery charges and seven twenty-year sentences, to run concurrently with each other and with the life sentences, on the kidnapping charges. We affirmed his convictions.[1] In November 2003, Benjamin filed a pro se "Motion to Modify Void and Unauthorized Conviction and Sentences." The trial court denied the motion as untimely, and Benjamin appeals. Because his motion was groundless, we affirm.

In the motion, Benjamin argued that his sentences were void. Because a void sentence may be challenged at any time,[2] the motion was not untimely. Moreover, a defendant has a right of direct appeal from an order denying a motion to correct a void sentence.[3] We therefore address the merits of Benjamin's motion.

1. He contends that the sentencing court structured his sentence to reduce his chance of obtaining parole, thereby infringing the province of the State Board of Pardons and Paroles (the "Board"). He

---

[1] *Benjamin v. State,* 211 Ga. App. 670 (440 SE2d 259) (1994).
[2] *Williams v. State,* 271 Ga. 686, 688 (1) (523 SE2d 857) (1999); *Taylor v. State,* 261 Ga. App. 248, 249 (3) (582 SE2d 209) (2003).
[3] *Williams,* supra at 688-689.

cites *Stephens v. State*,[4] in which we held that a sentence requiring a defendant to waive his Fourth Amendment rights as a condition of parole was invalid because it encroached upon powers granted exclusively to the Board.[5] *Stephens* does not apply here because Benjamin's sentences did not establish any conditions for parole. Moreover, because Benjamin's sentences were within statutory guidelines,[6] we will not review them.[7]

2. Benjamin claims that the sentencing judge acted in an unconstitutionally vindictive manner by giving him a greater sentence after the jury found him guilty than he would have received if he had accepted the prosecutor's plea bargain offer. We rejected this argument in *Allen v. State*:[8]

> A criminal defendant should not be allowed to reject a sentence concession that is offered in return for a guilty plea and then bind the State to that rejected original lenient sentence even though he is later convicted after a trial. To hold otherwise would allow a criminal defendant to go to trial and seek an acquittal knowing that, even if unsuccessful, he would receive a sentence which is no less lenient than that which he was originally offered. After trial, the factors that may have indicated leniency as consideration for the guilty plea are no longer present.[9]

3. Benjamin argues that he was improperly sentenced on five armed robbery counts, even though the evidence at trial showed that only one victim was robbed with the aid of an offensive weapon. This is not an attack upon an allegedly void sentence; it is a challenge to the sufficiency of the evidence to support his armed robbery convictions. Because we have previously affirmed those convictions, we will not consider challenges to them now.[10]

4. Benjamin contends that his kidnapping convictions should be reversed because armed robbery and kidnapping do not merge. But it is precisely because armed robbery and kidnapping do *not* merge that

---

[4] 207 Ga. App. 645 (428 SE2d 661) (1993).

[5] Id. at 647-648 (2).

[6] See OCGA § 16-8-41 (b) (providing that a person convicted of armed robbery shall be "punished by death *or imprisonment for life* or by imprisonment for not less than ten nor more than 20 years") (emphasis supplied); OCGA § 16-5-40 (b) (providing that a person convicted of kidnapping "shall be punished by imprisonment for not less than ten nor more than 20 years").

[7] See *Taylor*, supra.

[8] 193 Ga. App. 670 (388 SE2d 889) (1989).

[9] (Citation and punctuation omitted.) Id. at 672.

[10] See *Melton v. State*, 252 Ga. App. 29-30 (1) (555 SE2d 488) (2001).

Benjamin was properly sentenced separately for those different crimes.[11]

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED AUGUST 23, 2004.

Darryl D. Benjamin, *pro se.*

Paul L. Howard, Jr., District Attorney, Kenneth D. Feldman, Elizabeth A. Baker, Assistant District Attorneys, for appellee.

[11] See *Chambley v. State*, 163 Ga. App. 502, 504-505 (2) (295 SE2d 166) (1982).