## A05A0121. DYKES v. THE STATE.
### (612 SE2d 53)

MIKELL, Judge.

Roy Lee Dykes appeals from the trial court's denial of his motion to correct a void sentence. We affirm.

Dykes was convicted of burglary and sentenced as a repeat offender under OCGA § 17-10-7[1] to serve 20 years. The sentence, entered on February 24, 1993, was based on three prior felony convictions: (1) a 1979 guilty plea to robbery by force, (2) a 1980 Virginia conviction for armed robbery, burglary, unlawful abduction, and (3) a 1986 guilty plea to financial transaction card fraud.[2] In an order entered on April 17, 2003, Dykes was granted an out-of-time appeal of the 1979 guilty plea. He filed the instant motion to correct a void sentence on April 21, 2004, asserting that his 1979 conviction was not final because his appeal was pending. On May 3, 2004, the trial court dismissed Dykes's motion without prejudice, stating that it would reconsider the motion if he prevailed in his appeal.

Dykes did not prevail on appeal. Rather, in an unpublished opinion issued on June 9, 2004, Dykes's appeal was dismissed as moot because his sentence under the guilty plea had been served and, in 1991, his civil and political rights were restored.[3] Dykes's brief in the case at bar, filed by counsel on September 18, 2004, neglects to mention this salient fact. Instead, Dykes contends that, because the out-of-time appeal was pending at the time the trial court entered its order on May 3, 2004, his 25-year-old conviction was not "final" within the meaning of OCGA § 17-10-7. This argument is based on *Melton v. State*,[4] in which we held that the defendant's 1979 rape and sodomy convictions were not "convictions" within the meaning of OCGA § 17-10-7 because the defendant's out-of-time appeal was still pending at the time this Court issued its opinion in his appeal of the trial

---

[1] Dykes was sentenced under subsection (b), which has been recodified as OCGA § 17-10-7 (c), and states that anyone with three prior felonies who commits another felony must serve the maximum time provided in the sentence for that fourth or subsequent offense and shall not be eligible for parole until the maximum sentence has been served.

[2] In *Dykes v. State*, 266 Ga. App. 635 (597 SE2d 468) (2004), we affirmed the trial court's order denying Dykes's motion for an out-of-time appeal from this conviction.

[3] *Dykes v. State*, Case No. A04A1110 (June 9, 2004) (unpublished).

[4] 216 Ga. App. 215 (454 SE2d 545) (1995).

court's denial of his motion to modify his sentence.[5] Such is not the case here. Dykes's appeal is no longer pending. Therefore, his 1979 conviction is final within the meaning of the recidivist statute, and the trial court did not err in denying his motion to correct his sentence.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED MARCH 15, 2005 —

*Marcus C. Chamblee*, for appellant.
*Richard G. Milam, District Attorney, Mark S. Daniel, Assistant District Attorney*, for appellee.

---

[5] Id. See *Croker v. Smith*, 225 Ga. 529, 532 (4) (169 SE2d 787) (1969) (conviction must be final before it can be used to indict a defendant as a recidivist); *Mitchell v. State*, 202 Ga. App. 100, 101-102 (2) (413 SE2d 517) (1991) (applying the stated rule to sentencing for repeat offenders pursuant to OCGA § 17-10-7).