A05A0154. HESTER v. THE STATE.
(617 SE2d 232)

ADAMS, Judge.

Eddie Weston Hester appeals from the trial court's denial of his pro se Motion to Correct Illegal Sentence challenging his sentence under the recidivist provisions of OCGA § 17-10-7. After Hester was convicted by a jury in 2000 of possessing marijuana with the intent to distribute, the trial court sentenced Hester to serve the maximum penalty of ten years, without probation under OCGA § 17-10-7 (c). Hester filed a direct appeal of his recidivist sentence asserting that the state failed to carry its burden of demonstrating that two of his prior four convictions were the result of knowing and voluntary guilty pleas, and this Court affirmed the sentence in *Hester v. State*, 251 Ga. App. 627 (555 SE2d 13) (2001).

Nevertheless, a defendant may challenge a void sentence at any time. *Benjamin v. State*, 269 Ga. App. 232 (603 SE2d 733) (2004). "A sentence is void if the court imposes punishment that the law does not allow." (Citations and punctuation omitted.) *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). And a defendant has a right of direct appeal from an order denying his motion to correct the sentence. *Benjamin v. State*, 269 Ga. App. at 232.

But not all post-appeal challenges to a sentence raise the issue of whether the sentence is void:

> When the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification beyond that provided in OCGA § 17-10-1 (f). Upon the expiration of the period provided in OCGA § 17-10-1 (f), post-appeal pleadings filed in the sentencing court seeking sentence modification must set forth why the sentence is void, i.e., how it imposes punishment the law does not allow. Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void and therefore are not a means for post-appeal, post-§ 17-10-1 (f) sentence modification.

*Jones v. State*, 278 Ga. at 670-671. A defendant is not entitled to a direct appeal from the denial of a motion asserting erroneous procedure or unfair treatment because these do not raise the issue of whether the sentence was void. "Rather, a petition for writ of habeas corpus is the means for seeking sentence review for such allegations." (Citations omitted.) Id. at 671.

In this appeal, Hester asserts two arguments attacking his sentence: (1) that the sentence was entered in violation of OCGA § 17-10-7 (d) because the trial court improperly considered as two separate offenses, two convictions arising from the same case; and (2) that the state failed to introduce certified copies of his prior convictions at trial. Because the first of these arguments at least ostensibly raises an issue with regard to whether the recidivist sentencing was imposed in violation of the statute, we will address the merits of that enumeration.

1. OCGA § 17-10-7 (d) provides that for purposes of recidivist sentencing, "conviction of two or more crimes charged on separate counts of one indictment or accusation, or in two or more indictments or accusations consolidated for trial, shall be deemed to be only one conviction." During the sentencing phase of trial, the state introduced certified copies of four prior drug convictions from 1977, 1979, 1987 and 1991, respectively. Hester asserts that the trial court violated

this provision by improperly considering two convictions arising from the same case, introduced as State's Exhibits 47 and 47B, and further by considering this conviction without "a record of certification of guilt."

We find no error. While State's Exhibits 47 and 47B contain documents relating to the same 1977 conviction, it is apparent from the record that the trial court considered these as only one conviction in sentencing Hester. In fact, the trial court explicitly stated on the record that these exhibits relate to the same case. Moreover, the record contains a certified copy of Hester's adjudication of guilt for that conviction.

We note, however, that during the sentencing phase, Hester's trial counsel argued that the 1977 and 1979 convictions should be considered as one conviction. Hester was originally sentenced to probation as a first offender for the 1977 conviction. At the time of his second conviction in 1979, his probation on the 1977 charge was revoked, and Hester was resentenced to serve two years in prison. Because Hester's guilty plea on the 1979 charge and his resentencing on the 1977 charge both occurred the same day, April 2, 1979, Hester's trial attorney argued that the two convictions should be considered collectively. The trial court rejected that argument in sentencing Hester. To the extent that Hester is attempting to raise the same argument on appeal, we find no error under OCGA § 17-10-7 (d). That statute prevents individual consideration of separate charges contained in the same indictment or tried in the same criminal proceeding. It does not prevent separate consideration of the 1977 and 1979 convictions in this case, which were indicted and tried separately — in fact, almost two years apart.

Accordingly, we find no merit to Hester's first enumeration of error.

2. The second argument raises a purely procedural matter, and as we have already noted, the record contains certified copies of each of the four prior convictions. Thus, this enumeration does not provide a ground for declaring Hester's recidivist sentence to be void.

We therefore affirm the trial court's denial of Hester's Motion to Correct Illegal Sentence.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED JULY 11, 2005.

Eddie W. Hester, *pro se.*
*Kermit N. McManus, District Attorney*, for appellee.