## A06A1543. PRIEST v. THE STATE.
(635 SE2d 377)

JOHNSON, Presiding Judge.

On April 14, 1999, Anthony Priest pled guilty to three counts of aggravated child molestation and three counts of aggravated sodomy committed against three young girls. The trial court ruled that the three aggravated sodomy charges merged with the three aggravated child molestation charges as a matter of fact.[1] Pursuant to the plea agreement negotiated by the state and Priest, the trial court sentenced Priest to serve a total of 15 years in confinement and 25 years on probation. The court, in accord with the plea agreement, reached this forty-year total by giving Priest concurrent thirty-year sentences as to the first two aggravated child molestation counts — ordering him to serve fifteen years in confinement and then fifteen years on probation, and by also sentencing Priest to ten years of probation on the third aggravated child molestation count, to be served consecutive to the sentences on the first two counts.

More than five years after sentencing, on September 13, 2004, Priest filed a pro se motion to correct an illegal sentence. The trial court denied the motion. Priest appeals from that order of denial.

1. Priest argues that the judge who denied his motion erred in even ruling on it because he was not the original trial judge and because, as a lawyer before becoming a judge, he had previously represented Priest in another criminal case. Priest, however, did not raise these arguments in the trial court, and therefore he may not raise them in this court. "It is well settled that a reason urged by enumeration of error on appeal which is different from that urged below will not be considered for the first time on appeal."[2]

2. In his second enumeration of error, Priest claims that the trial court erroneously found that Priest had asserted that the counts of the indictment should merge as a matter of law. According to Priest, he never made such an assertion, and instead had claimed that the counts should merge as a matter of fact, not law.

First, Priest has made no specific reference to where in the record the trial court made its allegedly improper finding. "Each enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider such enumeration."[3]

---

[1] Each pair of merged offenses involved the same victim and conduct. Counts 1 and 4 of the indictment involved an act of oral sex with victim S. S.; Counts 2 and 5 involved an act of oral sex with victim H. P.; and Counts 3 and 6 involved an act of oral sex with victim M. S.

[2] (Punctuation and footnote omitted.) *Caldwell v. State*, 247 Ga. App. 191, 199 (3) (b) (i) (542 SE2d 564) (2000).

[3] Court of Appeals Rule 25 (c) (3) (i).

Moreover, contrary to Priest's enumerated error, it is apparent from the transcript of the guilty plea hearing that the trial court, in accord with the parties' negotiated plea agreement, ruled that the three aggravated sodomy counts of the indictment merged *as a matter of fact* with the three aggravated child molestation counts.

Finally, a sentence is void only if it imposes a punishment that the law does not allow.[4] Priest's enumerated error is without merit because it provides no basis for declaring that his sentence is one that the law does not allow.

3. Priest's final enumeration of error, however, does have merit. Priest contends that the ten-year probated sentence on the third count of aggravated child molestation is void because the mandatory minimum sentence for such an offense is ten years imprisonment without any portion of that minimum sentence being probated. We agree.

OCGA § 16-6-4 establishes that the minimum sentence for aggravated child molestation is ten years imprisonment.

> A person convicted of the offense of aggravated child molestation shall be punished by imprisonment for not less than ten nor more than 30 years. Any person convicted under this Code section of the offense of aggravated child molestation shall, in addition, be subject to the sentencing and punishment provisions of Code Sections 17-10-6.1 and 17-10-7.[5]

Under OCGA § 17-10-6.1 (a) (5), aggravated child molestation is deemed to be a serious violent felony. And OCGA § 17-10-6.1 (b) provides that the minimum sentence for such a serious violent felony is ten years imprisonment without any portion of that sentence being probated.

> Notwithstanding any other provisions of law to the contrary, any person convicted of a serious violent felony as defined in paragraphs (2) through (7) of subsection (a) of this Code section shall be sentenced to a mandatory minimum term of imprisonment of ten years and no portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and

---

[4] See *Hester v. State*, 274 Ga. App. 276, 277 (617 SE2d 232) (2005).

[5] OCGA § 16-6-4 (d) (1).

shall not be reduced by any form of pardon, parole, or commutation of sentence by the State Board of Pardons and Paroles.[6]

Because the mandatory minimum sentence for aggravated child molestation is ten years imprisonment without any portion of that sentence being probated, the trial court in the instant case erred in giving Priest a sentence of ten years probation on the third count of aggravated child molestation. That probated sentence is therefore null and void.[7] "Where a sentence is void . . . the court may resentence the defendant at any time."[8] Accordingly, this case is remanded to the trial court for resentencing as to the third count of aggravated child molestation.

*Judgment reversed and case remanded with direction. Miller and Ellington, JJ., concur.*

DECIDED AUGUST 11, 2006.

Anthony D. Priest, *pro se.*
*Donald N. Wilson, District Attorney*, for appellee.

---

[6] OCGA § 17-10-6.1 (b).

[7] See *Bryant v. State*, 229 Ga. App. 534, 536 (1) (494 SE2d 353) (1997) (twenty-year sentence made up of five years imprisonment and fifteen years probation for a serious violent felony is null and void because mandatory minimum sentence is ten years in prison with no portion of that minimum sentence probated).

[8] (Citation and punctuation omitted.) *Mann v. State*, 264 Ga. App. 631, 632 (1) (591 SE2d 495) (2003).