# Court of Appeals
# of the State of Georgia

ATLANTA,￼￼May 30, 2013￼￼

*The Court of Appeals hereby passes the following order:*

**A13A1824. DAVID LEE WHITE v. THE STATE.**

In 2006, David Lee White pled guilty to possession of cocaine and other offenses and was given a partially probated sentence. In 2009, the state petitioned to revoke his probation on the ground that he had committed a variety of new crimes, including aggravated assault. The state also charged him criminally with the new crimes. In separate hearings, White pled guilty to some of the probation violations and some of the new criminal charges. He later filed a motion to vacate a void sentence, challenging both his probation revocation and his new criminal convictions. The trial court denied the motion, and White appeals. We, however, lack jurisdiction.

A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). However, an appeal from an order denying or dismissing a challenge to an allegedly void *conviction* is subject to dismissal. See *Williams v. State*, 287 Ga. 192 (695 SE2d 244) (2010).

White raised four arguments in his motion, none of which is a valid void-sentence argument. With respect to his new criminal convictions, White argued that his aggravated assault conviction was improper because the evidence showed only that he had committed lesser included offenses and that the trial court should have merged certain convictions. These arguments, however, challenge the validity of White's convictions rather than the validity of the sentence imposed upon those convictions. See id. White also argued that the portion of his sentence imposing special drug conditions upon his eventual probation was not supported by the

evidence.  But this challenge to the sufficiency of the evidence is not cognizable in a motion to vacate a void sentence.  See *Benjamin v. State*, 269 Ga. App. 232, 233 (3) (603 SE2d 733) (2004).  With respect to his probation revocation, White argued that the revocation petition included improper charges.  But appeals of probation revocation matters must be made by discretionary application, not direct appeal.  See OCGA § 5-6-35 (a) (5); *White v. State*, 233 Ga. App. 873 (505 SE2d 228) (1998).

Because White did not raise a colorable void-sentence argument, this appeal must be DISMISSED for lack of jurisdiction.  See *Williams*, supra.



Court of Appeals of the State of Georgia
    Clerk's Office, Atlanta, 05/30/2013
    I certify that the above is a true extract from
the minutes of the Court of Appeals of Georgia.
    Witness my signature and the seal of said court
hereto affixed the day and year last above written.


_____ , Clerk.