**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 12, 2022**

# In the Court of Appeals of Georgia

A21A1442. BAKER v. THE STATE.

MERCIER, Judge.

Patrick Lavern Baker appeals from a trial court order dismissing his motion to withdraw his guilty plea. He also asserts that his sentence was void. For the following reasons, we reverse the trial court's dismissal of Baker's motion to withdraw his plea, vacate his sentence, and remand this case for further proceedings.

The record reveals that Baker was indicted for multiple crimes including armed robbery, burglary, and aggravated assault. In June 2015, Baker pled guilty to two counts of armed robbery, and the remaining counts were nol prossed. He was sentenced on the first count of robbery to 30 years with 15 years to serve and 15 years on probation, and on the second count, 15 years to serve concurrently with the first count. Baker subsequently filed a "Motion to Correct Void and Illegal 30 Year

Sentence," in which he asserted that his sentence was outside the statutory maximum sentence. The trial court held a hearing on the matter during which Baker appeared pro se. The trial court agreed that Baker's sentence was not within statutory limits, and on January 13, 2021, the court resentenced Baker on the first count of armed robbery to 20 years to serve 15 years with the remaining 5 years on probation, and on the second count, 15 years to serve concurrently with the first count.

The State concedes that during the same term of court as the resentencing, Baker filed a motion to withdraw his 2015 guilty plea. However, the trial court dismissed the motion for lack of jurisdiction, finding that it was untimely filed more than five years after Baker's guilty plea. This timely appeal followed.

1. Baker argues, and the State agrees, that the trial court erred in dismissing his motion to withdraw his guilty plea. The trial court concluded that Baker's motion to withdraw was untimely because "[t]he plea had been accepted over five and a half years prior." But "[i]t is well settled that a motion to withdraw a guilty plea must be filed within the same term of court as the *sentence* entered on the guilty plea." *Young v. State*, 328 Ga. App. 91, 92 (761 SE2d 504) (2014) (citation and punctuation omitted; emphasis supplied) ("trial court then erred in its analysis by reasoning, not that [defendant] had filed his motion to withdraw his guilty plea outside the term of

2

court when he was *sentenced*, but that his motion was filed outside the term of court in which the *guilty plea was entered*") (punctuation omitted; emphasis in original). Here, Baker's initial sentence was declared void, and he was resentenced on January 13, 2021. The State concedes that his motion to withdraw his guilty plea was made within the same term of court as the January 13 sentence. The trial court therefore had jurisdiction to consider Baker's motion to withdraw his plea, and it erred in concluding otherwise. See id. at 93.

2. Baker asserts that his new sentence is void because he was deprived of his Sixth Amendment right to counsel at resentencing.[1] The State agrees that the trial court erred in failing to inquire as to whether Baker needed appointed counsel during resentencing. The well-established rule is "that a defendant has a right to appointed counsel at any critical stage of proceedings brought against him. It is equally established that sentencing, or resentencing, is such a critical stage at which a defendant is generally entitled to be present at the sentencing hearing and to be represented by counsel." *Robertson v. State*, 280 Ga. 885, 886 (635 SE2d 138) (2006) (citation omitted). Further,

---

[1] "[A] defendant may challenge a void sentence at any time." *Hester v. State*, 274 Ga. App. 276, 277 (617 SE2d 232) (2005).

in instances where a defendant's entire sentencing package has been vacated . . . and, at resentencing, the trial court has full discretion to reconstruct the sentence and impose a more lenient punishment, the defendant retains a right to appointed counsel. On the other hand, where the defendant's sentence is mandatory or fixed in such a way that, at resentencing, the trial court is without discretion, the resulting resentencing proceeding is purely ministerial, and it is unnecessary for the defendant to be present at the sentencing hearing or be represented by counsel.

Id. (citations and punctuation omitted); see also *Gibson v. State*, 319 Ga. App. 627, 630 (2) (737 SE2d 728) (2013).

At the resentencing hearing, Baker appeared pro se via video from prison. Counsel for the State informed the trial court that Baker's original sentence was "impermissible" and offered the court several options to resentence Baker. The trial court then explained to Baker that the State conceded that his original sentence was void and asked Baker if there was "anything [he] want[ed] to say." Baker responded that he "was trying to get [his sentence] down to ten (10) [years]" so that he could spend some time with his family. A public defender who happened to be present asked to address the court. She provided the court with a sentencing option that

4

would combine what the State was seeking with what Baker had requested.[2] Counsel for the State responded that Baker did not request a reduction in "serve time" and only requested that the sentence be properly structured. The Court then granted Baker's motion to correct the void sentence, but sentenced him to a total of 15 years in confinement followed by 5 years on probation.

Because the trial court had "full discretion to reconstruct the sentence and impose a more lenient punishment,"[3] *Robertson* supra, Baker had the right to counsel. As counsel was not present for his resentencing and there was no apparent waiver of his right to counsel, we must vacate Baker's sentence and remand this case for resentencing. See *Adams v. State*, 199 Ga. App. 541, 543 (2) (405 SE2d 537) (1991) (judgment vacated and case remanded where transcript of hearing showed no attorney was present to represent defendant at critical stage and no waiver of counsel). Before

---

[2] This public defender did not represent Baker, and made no further statements at the hearing.

[3] See OCGA § 16-8-41 (b) ("A person convicted of the offense of armed robbery shall be punished by death or imprisonment for life or by imprisonment for not less than ten nor more than 20 years.").

resentencing, however, the trial court must address Baker's motion to withdraw his plea.[4]

*Judgment reversed, sentence vacated, and case remanded for further proceedings. Dillard, P. J., and Pinson, J., concur.*

---

[4] "A defendant . . . has an absolute right to withdraw his plea before sentence is pronounced, but after sentencing the decision whether to grant a withdrawal motion lies within the trial court's discretion." See *Kaiser v. State*, 285 Ga. App. 63, 65 (1) (646 SE2d 84) (2007); see also *Martinez -Chavez v. State*, 352 Ga. App. 142, 144 (2) (834 SE2d 139) (2019).